**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**CAPTAIN STEVEN C. TRUEMAN,**

            **Plaintiff,**

     **v.**                                      **09-CV-49
(GLS/RFT)**

**NEW YORK STATE CANAL CORP. and
DIRECTOR CARMELLA MANTELLO,**

            **Defendants.**

---

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Captain Steven C. Trueman
*Pro Se*
641 Grooms Road
Pier 230
Clifton Park, New York 12065

**FOR THE DEFENDANTS:**

*NO APPEARANCE*

**Gary L. Sharpe
U.S. District Court Judge**

### Decision and Order

      On January 14, 2009, Captain Steven Trueman filed a motion for a

temporary restraining order seeking *inter alia* immediate and unobstructed

access to two vessels.  (See Compl.; Dkt. No. 1)  Trueman alleges that the defendants have denied him access to the vessels which are supposedly in immediate danger of sinking.  *Id.*  On January 26, 2009, the defendants filed a response including an affidavit from Mr. Steven Sweeney, the Division Canal Engineer for the Albany Division of the New York State Canal Corporation, indicating that the agency has taken appropriate steps to prevent damage to the vessels.

To justify the grant of a temporary restraining order, plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction. *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.* 965 F.2d 1224, 1228 (2d Cir. 1992).   In general, a district court may grant a preliminary injunction where the moving party establishes:

(1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either

(a) a likelihood of success on the merits of its claim, or

(b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor.

*Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 -11 (2d Cir. 2005).  "Such relief...is an extraordinary and drastic remedy, one that

2

should not be granted unless the movant, by a clear showing, carries the burden of persuasion. " *Id.*

In this case, Trueman has failed to show irreparable harm. Accordingly, the order to show cause is DENIED.

January 27, 2009
Albany, New York

_____
United States District Court Judge