**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

STEVEN C. TRUEMAN,

                              Plaintiff,

             - v -                                    Civ. No. 1:09-CV-049
                                                           (LEK/RFT)

NEW YORK STATE CANAL CORP. and
DIRECTOR CARMELLA MANTELLO

                              Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**MEMORANDUM-DECISION AND ORDER**

Presently before the Court is the Defendants' Motion to Compel pursuant to

Federal Rule of Civil Procedure 37.  Dkt. No. 38, Defs.' Mot. to Compel, dated Jan.

26, 2010.[1]  Trueman opposes the Motion to Compel.  Dkt. No. 40, Pl.'s Resp., dated

Feb. 16, 2010.[2]  While this Motion awaits a resolution, the Court issued an order

staying all other proceedings.  Text Order, dated Feb. 17, 2010.  A brief discussion of

the pertinent events is warranted.

This Court issued a Pretrial Scheduling Order setting, *inter alia*, the discovery

deadline for February 14, 2010.  Dkt. No. 29, Scheduling Order, dated Mar. 20, 2009.

On October 5, 2009, the Defendants served their First Set of Interrogatories and

---

[1] The Motion to Compel is comprised of Assistant Attorney General Christopher Hall, Esq.'s Affirmation, dated January 11, 2010, the Defendants' Memorandum of Law, and Exhibits.

[2] Trueman's Response is comprised of Michael H. Sussman, Esq.'s Affirmation, dated February 16, 2010, Plaintiff's Memorandum of Law, and an Exhibit.

Request for the Production of Documents.  Dkt. No. 40-1, Ex.  The Defendants propounded seventeen (17) Interrogatories and four (4) Requests for Production.  On October 29, 2009, Trueman served his Responses to the Interrogatories, which had glaring deficiencies.  Dkt. No. 30, Defs.' Lt., dated Dec. 11, 2009, with Ex. Unsatisfied with some of the Responses, Defendants' Counsel wrote Trueman's Counsel objecting to the Responses and highlighted those failures.  Among several complaints, the Defendants noted that Trueman, when responding, failed to comply with the District's Local Rule 26.1[3] and to properly verify the Responses.  *Id*.  Noting that Defendants' issues were "quibbles," Trueman stated that he would not repeat the Interrogatory as required by Local Rule 26.1, but also noted that more information may be forthcoming by December 28, 2009.  Dkt. No. 30, Ex., E-mail, dated Dec. 12, 2009.

Not willing to wait until December 28, 2009, the Defendants filed a Letter-Motion seeking a discovery conference.  Dkt. No. 30, Defs.' Lt.-Mot., dated Dec. 18, 2009.  Anticipating that the discovery conference would be held on or about January 8, 2010, the Court issued an Order providing "instructions with the expectation that we may be able to obviate the need for a discovery conference."  Dkt. No. 31, Order,

---

[3]  The District's Local Rule 26.1 states, in part, that "[i]n answering or objecting to interrogatories . . ., the responding party shall first state verbatim the propounded interrogatory or request and immediately thereafter the answer or objection."

dated Dec. 18, 2009, at p. 1.  The Court noted that Trueman failed (1) to comply with Local Rule 26.1, (2) to verify his Responses pursuant to FED. R.CIV. P. 33(b)(3), and (3) to adequately respond to certain Interrogatories, which included identifying the maritime law applicable to this case.  *Id*.  The intent of these instructions, with citations, was to give Trueman an opportunity to amend and correct these obvious insufficiencies, hopefully without further court intervention.  *Id*. at p. 3.  Further, the Court directed Trueman to resubmit his amended responses consistent with the Local Rules and for the parties to submit times that they may be available for the telephonic discovery conference.  *Id*. at p. 2.

Regarding the adequacy of Truman's Responses, they are problematic in several respects.  The odd, bifurcated manner in which the Responses were rendered, particularly with regards to Interrogatories number 6 and 14, contributed to the Defendants' concerns.  Rather than one complete and comprehensive document, Trueman's Response to the Interrogatories, from all appearances, was binary: a primary document and an addendum.  It appears that the principal answers were furnished by Trueman himself, whereas, in the case of Interrogatories number 6 and 14, he refers his answers to those Interrogatories to his attorney, who, it appears, submitted an addendum with the corresponding responses.  And, only the attorney signed one of the documents (the addendum) lending to the view that two independent

*-3-*

documents were being served upon the Defendants. Dkt. No. 30, Ex. The Defendants objected to this bifurcated approach to answering their Interrogatories, noting that Trueman did not answer nor sign these Interrogatories, but Counsel did. Dkt. No. 30 at p. 1

On December 24, 2009, the Defendants filed a Status Report attaching Trueman's revised Interrogatory Responses. Dkt. No. 34. Notwithstanding the Court's explicit instructions and directions, the only revision to Trueman's Responses was his verification. *Id.* Additionally, Trueman did not follow the requirement of Local Rule 26.1. Noticeably missing from the Revised Interrogatory Responses was the attorney's original addendum Responses to Interrogatories number 6 and 14 or were those Responses incorporated into the main text of the Revised Interrogatories. *Id.* Noting that Trueman did not heed the Court's instructions nor attempted to respond accordingly, the Court found that there was no need for a conference, since, at best, it would be an unnecessary rehashing of the Court Order, and granted, *sua sponte*, Defendants permission to file a motion to compel if they felt it was warranted. Dkt. No. 35, Order, dated Dec. 24, 2009.

Even though Trueman protests that he "provided [] additional responses and verification for those and prior responses," Dkt. No. 36, Pl.'s Lt., dated Dec. 28,

*-4-*

2009,[4] a comparison of Trueman's Responses delivered on November 5, 2009, and December 28, 2009, belie that representation. *See* Dkt. Nos. 30 & 34. The Court does not detect any alteration or additional information provided in the December 28th Responses. Rather, it appears that certain "ancillary" Responses had been withdrawn.

As a general proposition, interrogatories are controlled by FED. R. CIV. P. 33 and 26. Interrogatories, like other discovery devices, may inquire into any discoverable matter, including facts and contentions. There are many purposes for interrogatories but the general aims are to expeditiously narrow the scope of litigation, reduce the element of surprise, serve as admissions for trial,[5] and in a significant matter avoid unnecessary discovery and minimize the expense. JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 33.03 (3d ed. 2009). Each interrogatory, whether seeking facts or contentions, is to be answered "separately and fully." These interrogatories may relate to any matter that can be inquired into under Rule 26(b)(1). FED. R. CIV. P. 33(a)(2); MOORE'S FEDERAL PRACTICE § 33.02.

An answer to an interrogatory must be completed within itself and, it should be

---

[4] Because this letter was addressed to Defendants' counsel and constitutes correspondence between the parties, a type of document generally not filed on the case docket, the Clerk of the Court subsequently struck it from the case docket. Nonetheless, this Court has access to the correspondence.

[5] "An [interrogatory] answer . . . may be used to the extent allowed by the Federal Rules of Evidence." FED. R. CIV. P. 33(c).

in a form that may be used at trial. *Int'l Mining Co., Inc. v. Allen & Co., Inc.*, 567 F.
Supp. 777, 787 (S.D.N.Y. 1983).  The responding party must provide the best answer
they can based upon current information in their possession.  FED. R. CIV. P. 33(b)(3)
("Each interrogatory must, to the extent it is not objected to, be answered separately
and fully in writing under oath.");  *Doe v. Mercy Health Corp*., 1993 WL 377064, at
*4; MOORE'S FEDERAL PRACTICE § 33.101.  And, as new information comes into its
possession, the responding party has a continuing duty to supplement their responses.
FED. R. CIV. P. 26(e)(1); MOORE'S FEDERAL PRACTICE § 33.106.

Answers to interrogatories that incorporate other documents by reference are
strongly disfavored.  Reference to depositions, other answers to the interrogatories,
other document production, the complaint itself, or any other documents are improper
and thus unresponsive.  *Poulio v. Paul Arpin Van Lines, Inc*., 2004 WL 1368869, at
*2 (D. Conn. June 14, 2004) (noting that other courts have held that a party may not
incorporate deposition testimony or rely upon future depositions in lieu of complete
responses to interrogatories); *In re Savitt/Adler Litig*., 176 F.R.D. 44, 49 (N.D.N.Y.
1997); MOORE FEDERAL PRACTICE §§ 33.101, 33.103, & 33.106.

In order for an answer to be adequate it must be a complete  response to the
interrogatory, specific as possible and not evasive. *In re Savitt/Adler*, 176 F.R.D. at
49.  The answer is supposed to provide more than an idea of what the case or defense

is all about.  This does not necessarily mean, however, that the responding party needs to provide all evidentiary proof or every shred of evidence, but it must be particular as to relevant facts of the case.  *Harlem River Consumers Co-op., Inc. v. Assoc. Grocers of Harlem, Inc.*, 64 F.R.D. 459, 466 (S.D.N.Y. 1974) (citing *United States v. Renault, Inc*., 27 F.R.D. 23, 26-27  (S.D.N.Y. 1960)).  Thus, a boilerplate answer is no better than no response.  The responding party must make an effort to answer with the information "reasonably available to it [and] . . . is not excused from making its disclosure because it has not fully investigated the case . . ."  FED. R. CIV. P. 26(a)(1)(E).  If, at any juncture of the litigation, the responding party cannot provide the details necessary to respond adequately, it has two options.  First, they can answer accordingly and further state that they are unable to provide further details and need more discovery, essentially deferring the answer to a later time when they can provide the information either by an amendment or supplemental response.  FED. R. CIV. P. 33(b)(3); *Zapata v. IBP, Inc.*, 1995 WL 293931 (D. Kan. May 10, 1995); *In re Savitt/Adler*, 176 F.R.D. at 51 (an admission that no facts exist at this current time suffices as an adequate, independent response.).  Or, it can elect the option provided in FED. R. CIV. P. 33(d) to substitute business records in lieu of a narrative answer to the interrogatory.  *Nonferrous BM Corp., v. Caron Ltd.*, 1996 WL 208182 (S.D.N.Y. Apr. 26, 1996).

The Defendants can properly ask for an answer that may involve "an opinion or contention which relates to fact or the application of the law to fact," with the hope it would lead to evidence or narrow the issues. FED. R. CIV. P. 33(c); *United States v. Renault*, 27 F.R.D. at 29; MOORE'S FEDERAL PRACTICE § 33.78. Because an inquiring party is entitled to know his adversary's theory of the case, Rule 33 which permits contention interrogatories can be mixed questions of law and fact. MOORE'S FEDERAL PRACTICE § 33.78; *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 723 (7th Cir. 1986). But, Rule 33 does not permit the inquiring party to seek an answer of "pure law." MOORE'S FEDERAL PRACTICE § 33.79 ("Interrogatories involving pure law are those that call for 'legal issues unrelated to the facts of the case.'"); *Kendrick v. Sullivan*, 125 F.R.D. 1, 2 & 4 (D. D.C. 1989) (noting that hypothetical legal questions and discovery as to legal arguments are impermissible). Because there isn't a clear delineation or bright line rule regarding permissible inquiries of fact and applicable law and impermissible question of "pure law," such inquiry must be done on a case by case basis.

The Court will first address the mandates of the District's Local Rule 26.1. Trueman's Responses are not prefaced by the Interrogatories as directed by Rule 26.1. The District's Local Rule 26.1 states, in part, that "[i]n answering or objecting to interrogatories . . ., the responding party shall first state verbatim the propounded

interrogatory or request and immediately thereafter the answer or objection."[6]
Trueman argues that since there are only seventeen Interrogatories - not numerous in
his opinion - the Defendants could "review the responses in one document with the
other document in his other hand and make sense of the responses."  Pl.'s Mem. of
law at pp. 3-4.  What Trueman fails to comprehend is that this Rule was not designed
solely for the benefit of the litigators, but also for the Court and other fact finders.  As
the Court previously explained to Trueman, it "could not follow Plaintiff's Responses
and the document itself is jumbled and lacks clarity . . . . To avoid this very problem,
the District issued Local Rules that mandated the proper format[.]"  Dkt. No. 31 at p.
2.[7]  The Local Rules' mandate are unambiguous and, for this reason, the Court
directed Truman to restate the questions.  *Id.*

This Rule is not mere form over substance, but is a legitimate, well-
contemplated mandate to address two fundamental principles.  First, responses to
interrogatories must be in a form that may be used at trial.  *Int'l Mining Co., Inc. v.
Allen & Co., Inc.*, 567 F. Supp. at 787.  There is no better way to present an issue than
stating the question and then the response.  Second, since an essential purpose of

---

[6]  Local Rules requiring that the responding party set forth each question before answering
or objecting are commonplace. *See* MOORE'S FEDERAL PRACTICE § 33.101.

[7]  The Court was confronted with the same issue in reviewing the Motion.  But for Trueman's
Counsel attaching the Defendants' Demand for Interrogatories, the Court would have had no clue
as to what was being inquired or sought.

responses to interrogatories is to present possible admissions, the facility of the presentation becomes critical.  At trial, stating the question and then the response, in a fashion similar to the protocol employed for reading deposition questions and answers, eliminates the probable ambiguity as to whether the response indeed addresses a specific inquiry.  It is a guarantee against a responding party suggesting that the answer actually applies to another inquiry, obfuscating either the utility or intent of the response.  Similarly, this format, which is required by many other district courts, *see supra* n.5, facilitates role of interrogatory responses in the summary judgment process as well.

Trueman asks this Court to exhibit flexibility, eschew the imposition of the Rule, and let his Answers stand as is.  In his view, "to re-type the interrogatories is, in context, immaterial," and an unnecessary procedural burden.  Pl.'s Mem. of Law at p. 2.  But the Court's previous direction to Trueman to follow the Local Rule had purpose extending beyond the litigants' myopic needs.  In context, it is more material than Trueman may have been willing to recognize.  Even taking into account Trueman's Counsel's busy schedule and conflicts that may have prevailed prior to December 28, 2009, Trueman could have complied belatedly with the December 18th Order - even after the Motion was filed - rather than registering resistance.  The December 18th Order stands.  Trueman will explicitly follow Rule 26.1.

Next, the Court will address the confusing manner in which Trueman provided Answers to the Interrogatories. Generally, when responding to Interrogatories, a party confers and seeks the assistance of his counsel to respond to opinion and contention interrogatories. Some of these types of interrogatories are too complicated for a layperson to fully understand, and for that reason counsel's assistance is not only warranted, it is expected. Common sense prevails that it is the attorney that has a broader grasp of the legal theories to be tried and it is often counsel who drafts responses for his client; but the responses belong rightfully to the client, not the attorney. And, each answer must be based upon all of the information at the responding party's and his attorney's disposal. If the answer, which is obligated to be complete, is to be used at trial or for summary judgment purposes, it must effectively be that of the responding party.

Here, Trueman did not attempt to answer the Defendants' contention Interrogatories. His Responses thereto were either "refer to" or "deter to" Attorney Michael Sussman. Pl.'s Revised Resp. to Interrog. ## 6 & 14. First, interrogatory responses may be used at trial and in that context are akin to testimony. In essence, when the attorney answers the interrogatory, and not the client, the attorney has effectively become the witness. MOORE'S FEDERAL PRACTICE § 33.104[1]. Moreover, the Federal Rules are explicitly clear that interrogatories must be answered

*-11-*

by the party to whom they are directed and signed by him under oath. FED. R. CIV.

P. 33(b)(1)(A) & (5);[8] *Miroglio S.P.A. v. Conway Stores, Inc.*, 2008 WL 4600984, at

*6 (S.D.N.Y. Oct. 15, 2008) (citing *Cabales v. United States*, 51 F.R.D. 498, 499,

*aff'd,* 447 F.2d 1358 (2d Cir. 1971)); *Roth v. Bank of Commonwealth*, 1988 WL

43963, at *2 (W.D.N.Y. May 4, 1988) ("Unsigned and unverified answers are not

answers . . . and answers which are signed by the party's attorney and not made under

oath by the party do not comply with Rule 33[.]"); *McDougall v. Dunn*, 468 F.2d 468,

472 (4th Cir. 1972).

Frankly, there is no distinction between an attorney signing the interrogatory

answers or the attorney providing the response in a separate document; both are

improper under the Federal Rules. Common sense also tells us that an attorney is not

precluded from assisting in the drafting of contention interrogatory responses, but the

answer must remain the party's and not the attorney's.  Attorney Sussman states as

much, when he wrote regarding the contention Interrogatories, that "lawyers always

answer interrogatory responses after conferral with their clients and that occurred with

regard to both these inquiries."  Dkt. No. 42, Michael H. Sussman, Esq.'s Lt., dated

Feb. 22, 2010.  Sussman further states that "[t]he answers were ultimately sworn to

---

[8] A party's attorney is required to sign the interrogatory responses when there are objections. FED. R. CIV. P. 33(b)(5). And, under Rule 26(g)(1), each disclosure or response must be signed by an attorney of record certifying to the best of his knowledge, information and belief formed after a reasonable inquiry, that they are complete and correct. FED. R. CIV. P. 26(g)(1)(A).

by my client and represents his responses." *Id*. But the record before the Court does not support that proffer. The latest version of Trueman's Answers still deflects the inquiry to his attorney Michael Sussman.  Even the original addendum has been removed. Essentially, at this juncture, Trueman has not answered the Interrogatories completely and fully.  In this respect, Trueman's Responses to Interrogatories 6 and 14 are inadequate and he is directed to provide revised Responses consistent with this Memorandum-Decision and Order.

Another issue has arisen.  The Court was uncertain of the expanse of Defendants' objections to Trueman's Responses.  Although Defendants' Memorandum of Law asks the Court to compel answers to all Interrogatories, and they mention that "many of the other interrogatory answers were vague, conclusory and nonresponsive," Defs.' Mem. of Law at pp. 2 & 3, the focus of this Motion appears to be directed solely at Local Rule 26.1 and Interrogatories number 6 and 14. In this respect, Trueman, seemingly, responded only to those objections.  Because of this confusion, the Court sought clarification and issued an Order directing the Defendants to specifically identify what interrogatories are at issue.  Text Order, dated Feb. 17, 2010.  In response, the Defendants identify Interrogatories number 4, 5, 6, 7, 9, 13, 15, and 16 as being deficient.  Dkt. No. 41, Defs.' Lt., dated Feb. 19, 2010. Trueman takes umbrage with this belated identification of these questioned

Responses, exclusive of Interrogatories number 6 and 14.  Dkt. No. 42.  Although his contention is relevant, his reliance upon the proposition that the "local rules do not contemplate . . . raising objections for the first time to seven interrogatory responses at this time when his prior letter and motion can, in no way, be interpreted as interposing any objections to the content of those replies," is incorrect.  *Id*.  The District's Local Rules do not speak to this issue at all.  Trueman was put on notice by this Court and the Defendants that many of his Responses were inadequate, albeit without specific identification.   It is true that earlier identification of those inadequacies would have been helpful for our discussion and Trueman's Reply.  Therefore, although the Court will address these belatedly identified Interrogatories, the lack of response to them will not factor into our discussion on sanctions.  The Court now turns to the individual Interrogatories.

Interrogatory number 4 seeks an itemization of out-of pocket expenses.  Trueman's Response thereto meets the inquiry, with the exception of providing receipts.  To the extent that Trueman may have receipts for these numerous items or even documentation to support a debt owed to Joy Morse, he shall provide them.  Otherwise, the Answer stands.

Interrogatory number 5 seeks itemization of the particulars of Trueman's investment in restoring two vessels.  Trueman responded by stating that "Plaintiff is

being denied access to the archived information requested by defendants." This is not a proper response to the Interrogatory and his Response could have been more basic than what was provided. Whether Trueman is denied access to archived information is irrelevant. What is required at this point and time is whether he can either particularize the investment from his personal knowledge or documentation, or he cannot. If the latter is true, he must state that he cannot provide the requested information.

Related to Interrogatory number 5, Interrogatory number 6 seeks a description of each wrongful act and each defendant's involvement in the wrongful act that caused the $450,000 in loss. Trueman's current Answer is "[p]lease refer to our Attorney Michael Sussman." For the reasons stated above, this is an improper answer. Trueman shall provide the details requested, which may be accomplished by incorporating into the principle text the original statement drafted by his attorney, or he will be precluded from presenting such evidence at trial.

Interrogatory number 9 asks Trueman to itemize each job lost by providing the particulars. Truman admits that he cannot estimate the potential economic loss from lost jobs but he had done his best to identify several lost jobs. Although this may have a critical bearing on whether Trueman can prove these damages, in terms of answering the Interrogatory, he has rendered all that he knows at this juncture and accordingly

meets his burden under Rule 33(b)(3).

Interrogatory number 13 seeks itemization of Plaintiff's claim for $250,000 in damages. Truman list numerous items and assigns large, rounded numbers for their loss. As far as the Court can glean, no documentation was provided with the Answer. Whether these are provable damages is one matter, but in terms of providing a permissible Response, Trueman has succeeded, in part. To the extent he has documentation or receipts to support his calculation, they shall be provided to the Defendants.

Under Interrogatory number 14, the Defendants note that Trueman claims that his rights under Maritime law were violated. They asked Trueman to identify what statute(s), including subparts, of maritime law he believes the Defendants violated. Obviously, the Defendants are asking a specific legal contention. This is a proper contention interrogatory. Trueman's Response is "[d]efer to attorney Sussman - to include, but not limited to, illegal boarding, illegal search, and seizure, interfering with the safe operation of a vessel, interfering with the interstate commerce." Trueman did not answer the question, and the attorney's original addendum is conspicuously absent in his Revised Response. As the Court notes again, a party cannot defer his answer to his attorney. Second, if there is no statute at issue, as the Defendants and the Court now knows from Sussman's Affirmation and Trueman's Memorandum of Law, then

the matter at hand is based on common law.  Dkt. No. 40 at pp. 4-5.  Had Trueman stated as much and included the substance of Sussman's original drafted text, it would have been a better answer and we would not have been compelled to address it at all. Yet, this Court can see how even that opaque response would invite another round of interrogatories attempting to find out what maritime law was breached.  Compounding all of this is Trueman's Response to related Interrogatory number 16 wherein he concludes by stating, "Federal statute prohibits anyone from denying access across public property to said vessel in said waterway."  This Response suggests that indeed a federal statute is at issue.   In order to clarify his Response, Trueman is directed to supplement and/or correct his Answer accordingly.

Interrogatory number 15 asks Trueman to describe when and how each Defendant destroyed his vessels.  Trueman is not able to describe when, except in general terms, but his description of how, though convoluted, is adequate.  Similarly, though not a model of clarity, Trueman's response to Interrogatory number 16, would pass muster.

Considering the Court's December 18th Order and the directions therein, the Court finds Trueman's overall posture to be truculent and intransigent.  Despite Trueman's contentions, the Local Rules are material, important, and are not advisory but mandatory.  Generally speaking, as discussed above, some of his Responses are

either inadequate or barely adequate. Even those that would be meet the adequacy test

are somewhat confounding in the manner in which they are stated. They could be

stated with more clarity and precision, a task Trueman seems to resist. But the Court

will take into account that the Defendants are not pursuing sanctions vigorously. The

Defendants primarily seek an order directing Trueman to submit revised interrogatory

answers that conform with the Local and Federal Rules. Failing that Order, then the

Defendants would seek the sanction of preclusion. Because preclusion is such a

drastic remedy, the Court is not prepared to consider that option at this point. And,

in weighing other sanctions, the Court takes into consideration Attorney Sussman's

demanding trial schedule and the adequacy of some of the Responses. In sum, the

Court will not impose any sanctions at this juncture but issues a final warning:

**<u>Trueman's failure to revise his Answers consistent with this Order will lead to</u>**

**<u>the sanction of preclusion</u>.**

Accordingly, for the reasons stated above, Defendants's Motion to Compel,

Dkt. No. 38, is **granted** to the extent that Trueman is directed to revised his Responses

to the Interrogatories consistent with this Memorandum-Decision and Order. The

revised Responses are due on or before **March 12, 2010.** If the revised Responses are

acceptable and there is no need for the Court to return to the matter of sanctions, the

Defendants may depose Trueman. Since Trueman argues that discovery should not

be extended, presumably he has either exhausted or does not wish to pursue discovery any further.  Therefore, neither party may serve another demand for discovery.  Only Trueman's deposition will be permitted, which shall be completed on or before **April 2, 2010.**  The final day to file dispositive motions is **May 7, 2010**.  All other provisions of the Scheduling Order shall remain in effect.   Lastly, the Court lifts the Stay.

**IT IS SO ORDERED**.

February 24, 2010
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge